IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02551-RM-NRN

DAVID L. HILDEBRAND,

Plaintiff,

v.

SNAP-ON TOOLS,

Defendant.

---

**REPORT AND RECOMMENDATION ON
DEFENDANT SNAP ON TOOLS' MOTION TO DISMISS (Dkt. #15)**

---

**N. Reid Neureiter
United States Magistrate Judge**

This matter comes before me on Defendant Snap-on Tool Company LLC's ("Snap-on" or "Defendant") Motion to Dismiss (Dkt. #15), referred to me by Judge Raymond P. Moore on October 21, 2022. (Dkt. #17.) Plaintiff David L. Hildebrand filed a response (Dkt. #34), and Snap-on filed a reply. (Dkt. #43.) I heard argument from the parties[1] on December 13, 2021 (*see* Dkt. #49), and permitted them to file supplemental briefing, which they did on December 21, 2021 and January 7, 2022, respectively. (*See* Dkt. ##54 & 55.) Having reviewed the briefs, relevant caselaw, and considered the arguments of the parties, I recommend that the Motion to Dismiss be **GRANTED.**

---

[1] Snap-on is the only defendant remaining in this case. Mr. Hildebrand has dismissed his claims against the other five defendants originally named in his Complaint (Matco Tools, Mac Tools, Cornwell Quality Tools, Steck Manufacturing, and Raymond Steck). (*See* Dkt. ##20, 44, 42, 51, & 52.)

## I. BACKGROUND

This is a patent infringement lawsuit with a complicated history, some of which I will omit for the sake of brevity and clarity.

### a. Mr. Hildebrand's Prior Lawsuit and Subsequent Appeals

In 1998, Mr. Hildebrand filed suit in this District against several defendants, including Snap-on, for infringement of U.S. Patent No. 5,737,981 (the "'981 Patent"). *See Hildebrand v. Steck Mfg. Co. Inc., et al.,* No. 02-cv-01125-LTB-OES (D. Colo.). The '981 Patent covers a device to remove threaded fasteners (i.e., nuts, bolts, lug nuts, studs, etc.) that have been rendered unremovable. On October 28, 2005, a jury found that Mr. Hildebrand's patent had been infringed by products manufactured by Snap-on, among others. The jury determined that the infringement was not willful and awarded Mr. Hildebrand $74,863 in lost profit damages. The defendants were permanently enjoined from infringing on the '981 Patent. Both sides appealed. The jury's verdict and the amount of damages were affirmed by the Federal Circuit, as was the district court's decision not to award Mr. Hildebrand pre-judgment interest. *See Hildebrand v. Steck Mfg. Co. Inc.*, 232 F. App'x 985 (Fed. Cir. 2007) ( hereinafter "*Hildebrand I*").

Mr. Hildebrand then filed motions in the district court seeking attorney fees, costs, and relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. When those motions were denied, Mr. Hildebrand again appealed. The Federal Circuit affirmed, holding that (1) there were no exceptional circumstances warranting relief from judgment under Rule 60(b), (2) the district court properly rejected Mr. Hildebrand's application for costs as untimely, and (3) the district court did not err in refusing to award attorney fees because there was no finding of willful infringement. *See*

*Hildebrand v. Steck Mfg. Co.*, 292 F. App'x 921 (Fed. Cir. 2008) (hereinafter "*Hildebrand II*").

Mr. Hildebrand filed more motions with the district court, which were again denied. Mr. Hildebrand appealed again. The Federal Circuit determined that Mr. Hildebrand was not entitled relief under Rule 60(a), that his request for attorney fees and costs was frivolous, and that his motion for pre-judgment interest was untimely. *See Hildebrand v. Steck Mfg. Co.*, 333 F. App'x 507 (Fed. Cir. 2009) (hereinafter "*Hildebrand III*").

### b. The Present Action[2]

On September 20, 2021, Mr. Hildebrand, proceeding pro se, filed his Complaint in this case, a large portion of which is given over to rehashing his dispute with Steck Manufacturing and his issues with the prior lawsuit and his various appeals. (*See* Dkt. #1 at 6–23.) As it relates to this Defendant, Mr. Hildebrand claims that after the trial, he discovered that Snap-on, in violation of the injunction, was selling an infringing product used for removing aviation-related fasteners. Mr. Hildebrand alleges that documentation relating to this product was not produced in discovery in the prior litigation.

He asserts six claims for relief against Snap-on: (1) for infringement of the '981 Patent; (2) to set aside the prior judgment "so a new trial on damages and willfulness can take place to properly compensate Plaintiff"; (3) for an accounting for damages; (4)

---

[2] Unless otherwise noted, all allegations are taken from Mr. Hildebrand's Complaint (Dkt. #1) and are presumed to be true for the purposes of this motion to dismiss. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

misappropriation of trade secrets under Col. Rev. State § 7-74-101;[3] (5) for contempt for violating the permanent injunction; and (6) for relief under Rules 60 or 59, which appears to be same relief sought in claim two. Mr. Hildebrand seeks almost $40 million in damages.

### c. Snap-on's Motion to Dismiss

Snap-on's Motion to Dismiss, filed on October 21, 2021, argues that Mr. Hildebrand's Complaint should be dismissed under Rule 12(b)(6) because his claims are barred by the statute of limitations and the doctrine of res judicata. Snap-on also asserts that Mr. Hildebrand's first, fourth, and fifth claims fail to state a claim for relief. Finally, Snap-on contends that venue is improper under 28 U.S.C. § 1406(a) and Rule 12(b)(3).

## II. LEGAL STANDARDS

### a. Pro se Litigants

Mr. Hildebrand proceeds pro se. Accordingly, I "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal.*

---

[3] In his response brief, Mr. Hildebrand "agree[d] to dismiss this claim[.]" (*See* Dkt. #34 at 11.)

*State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (the court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**b. Motion to Dismiss Under Rule 12(b)(6)**

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, I will identify "the allegations in the complaint that are not

entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–81. Second, I consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

However, I need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citation and quotation marks omitted).

### III. ANALYSIS

**a. Patent Infringement Claims**

Snap-on argues that Mr. Hildebrand's first and third[4] claims, which relate to his patent infringement allegations, are timed barred under the Patent Act. I agree.

---

[4] Snap-on also argues that Mr. Hildebrand's claim for civil contempt (the fifth claim) is time barred. I will deal with this claim in a later section.

6

While there is no statute of limitations for patent infringement actions, a claim for patent infringement must be evaluated in light of the six-year damages limitations period set forth in 35 U.S.C. § 286. Under this provision, "no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." 35 U.S.C. § 286. As applied to the present action filed on September 20, 2021, Mr. Hildebrand would only be entitled to the recovery of damages occurring on or after September 20, 2015. Mr. Hildebrand fails to allege that Snap-on committed any infringing acts during this period. The sales invoices attached to his Complaint that purportedly show Snap-on's sale of infringing products go up to and no later than the spring of 2009. (Dkt. #1-1 at 157–66.) All claims relating to such actions are clearly time barred.

Mr. Hildebrand does allege that Snap-on violated the permanent injunction and infringed on his patent "by making, using, selling, or offering for sale . . . *subsequent to September 20, 2015*" infringing products. (Dkt. 1 at 26) (emphasis added.) This allegation is conclusory and, more importantly, irrelevant. Mr. Hildebrand's patent expired on September 20, 2015. *See Hildebrand v. Wilmar Corp.,* No. 19-cv-00067-RM-NRN, 2021 WL 4129453, at *1 (D. Colo. Sept. 10, 2021) (finding that the '981 Patent expired on September 20, 2015). "[W]hen the patent expires, the patentee's prerogatives expire too, and the right to make or use the article, free from all restriction, passes to the public." *Kimble v. Marvel Ent., LLC,* 576 U.S. 446, 451 (2015). In other words, "one cannot infringe an expired patent." *Korsinsky v. Microsoft Corp.*, 2005 WL 1123769, at *2 (E.D.N.Y. Mar. 31, 2005), *aff'd*, 198 F. App'x 931 (Fed. Cir. 2006); *see also Golan v. Pingel Enter.*, Inc., 310 F.3d 1360, 1372 (Fed. Cir. 2002) ("A party that

knowingly asserts an expired, and therefore unenforceable, patent results in a clear case of bad faith."). Even if Mr. Hildebrand had plausibly alleged that Snap-on committed infringements during the relevant six-year period, his claim would fail because the patent had expired.

Mr. Hildebrand argues that Snap-on can still be liable for indirect infringement for inducing others—namely, those it sold the allegedly infringing products to prior to September 15, 2015—to use the product on or after that date. This argument is unpersuasive. Section 286 bars any recovery of damages for alleged contributory infringement by Snap-on because any such infringement was committed more than six years before Mr. Hildebrand filed his Complaint. *See Standard Oil Co. v. Nippon Shokubai Kagaku Kogyo Co.*, 754 F.2d 345, 348 (Fed. Cir. 1985) ("If [the defendant]'s acts ever gave rise to a liability, the liability arose as of the time the acts were committed, not at some future date determined by the acts of others. On the record before us, it committed no act within the period of six years preceding the filing of the complaint and therefore no recovery can be had against it for infringement."). Again, Mr. Hildebrand's Complaint does not (and cannot) allege any infringing act by Snap-on which occurred during the statutory period.[5]

Mr. Hildebrand cannot seek recovery for any infringement committed before September 20, 2015 pursuant to 35 U.S.C. § 286. Nor can he seek damages for any

---

[5] This failure also means that Mr. Hildebrand's argument that he is entitled to damages for price erosion, which is contained in his response to the motion and supplemental briefing but is not set forth in his Complaint, must fail. There can be no damages if there is no infringing act.

purported infringement, direct or indirect, after that date because his patent had expired. Accordingly, his infringement claims should be dismissed with prejudice.

### b. Claim for Civil Contempt

In his fifth claim for relief, Mr. Hildebrand alleges that Snap-on should be liable for civil contempt for violating the permanent injunction ordered in his prior lawsuit. However, "there is no such thing as an independent cause of action for civil contempt." *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 459 (7th Cir. 1993) (quoting *Blalock v. United Stat*es, 844 F.2d 1546, 1550 (11th Cir.1988) (per curiam)). "Instead, civil contempt proceedings are considered to be a part of the action from which they stem, and their purpose being to secure compliance with a prior court order." *Id.* (internal citations, quotation marks, and alterations omitted). Mr. Hildebrand could and should have initiated civil contempt proceedings in the prior lawsuit when he discovered, "following the closing of trial" in 2005 or even as late as 2009, that Snap-on was allegedly violating the permanent injunction order. He cannot maintain such a claim in an entirely separate proceeding more than a decade after the fact.

### c. Claims for Post-Judgment Relief

Claims two and six of Mr. Hildebrand's Complaint are duplicative and seek relief from the judgment that was entered in his prior lawsuit and affirmed numerous times on appeal. Unhelpfully, Mr. Hildebrand invokes Rule 60(b) "or" Rule 59, leaving Snap-on and the Court to guess which one applies. However, I have little trouble concluding that Mr. Hildebrand's claims cannot be maintained under either Rule.

Under Rule 59, the court may grant a motion for a new trial or a motion to alter or amend a judgment. Fed. R. Civ. P. 59(a), (e). Such motions "must be filed no later than

9

28 days after entry of judgment." Fed. R. Civ. P. 59(b), (e). There is no possibility of extending that time. *See* Fed. Rule Civ. Proc. 6(b)(2) (prohibiting extensions to Rule 59(b) and (e)'s deadlines). This new lawsuit is not an appropriate vehicle for Rule 59 relief, and, in any event, it was filed many years after judgment was entered.

As to Rule 60(b), it provides as follows:

**Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Mr. Hildebrand does not specify the grounds for relief. As discussed below, the Complaint references "fraud upon the court," and Mr. Hildebrand's supplemental brief appears to claim that the fraud was related to Snap-on's false and/or deficient discovery responses in the prior litigation. To the extent that he alleges fraud as grounds for relief under the Rule, it is plainly untimely, as such a motion must be made no more than a year after the entry of the judgment or order or the date of the proceeding. *See* Fed. R. Civ. P. 60(c)(1) (motions citing reasons (1), (2), and (3) must be made no more than a

10

year after entry of judgment). Mr. Hildebrand does not plausibly allege that the judgment is subject to collateral attack under Rule 60(b)(4), or that there are circumstances or reasons that would otherwise justify relief under Rule 60(b)(5) or (6). In any case, such motions must still be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Sixteen years is not a reasonable time. These claims should be dismissed.

### d. Misappropriation of Trade Secrets

Mr. Hildebrand conceded that his trade secrets claim "may be considered week [sic]" and therefore he agreed to dismiss it. Any such dismissal should be with prejudice, however, because the claim is, on its face, untimely. *See* Colo. Rev. Stat. § 7–74–107 ("An action for misappropriation of a trade secret shall be brought within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered.").

### e. "Fraud Upon the Court"

Mr. Hildebrand argues that his Complaint includes an "*an independent action* for "Fraud Upon the Court." (Dkt. #54 at 3 (emphasis in original).) It does not; the term is merely mentioned in the Complaint's caption, it is not asserted as a claim for relief. Insofar as Mr. Hildebrand contends that the claim could conceivably be based on Snap-on hiding evidence from him during discovery or at the trial in the prior lawsuit, that argument is precluded by Tenth Circuit authority, which holds:

> Fraud on the court is fraud which is directed to the judicial machinery itself and *is not fraud between the parties or fraudulent documents, false statements or perjury.* It has been held that allegations of nondisclosure in pretrial discovery will not support an action for fraud on the court. It is thus fraud where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function—thus where the impartial functions of the court have been directly corrupted.

11

*Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir. 1996) (ellipses omitted) (emphasis in original) (quoting *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1266 (10th Cir. 1995). Thus,

> Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious misconduct, *such as nondisclosure to the court of facts allegedly pertinent to the matter before it*, will not ordinarily rise to the level of fraud on the court.

*Id.* at 552–53 (emphasis in original) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)). Nondisclosure or false statements made in pretrial discovery "is not sufficient to assert the kind of egregious misconduct necessary to state a claim of fraud on the court." *O'Dell v. Sun Ref. & Mktg. Co.*, 210 F.3d 390 (10th Cir. 2000) (unpublished). Finding otherwise "would sacrifice the goal of finality in litigation for the much-belated arbitration of a discovery dispute." *Id.*

Accordingly, to the extent that the Complaint can be construed to assert a claim for fraud on the court, that claim fails and should be dismissed.

### f. Snap-on's Remaining Arguments

Because I find that Mr. Hildebrand's claims should be dismissed under Rule 12(b)(6) for the reasons discussed above, I will not address Snap-on's remaining arguments regarding claim preclusion and venue.

## IV. CONCLUSION

I **RECOMMEND** that Defendant's Motion to Dismiss (Dkt. #15) be **GRANTED**.

**NOTICE: pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this**

**case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b);** *Thomas v. Arn***, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corr.***, 183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse***, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.** *United States v. One Parcel of Real Prop.***, 73 F.3d 1057, 1060 (10th Cir. 1996).**

Date:   January 21, 2022

_____
N. Reid Neureiter
United State Magistrate Judge